IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

TIMOTHY MARK POYNTER II                                                      PETITIONER
Reg. #21853-032

v.                              2:25-cv-00062-BSM-JJV

C. HUMPHREY, Complex Warden,
Forrest City Correctional Institution                                        RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

**DISPOSITION**

**I.     BACKGROUND**

On May 7, 2018, in the United States District Court for the Eastern District of Kentucky, Petitioner Timothy Mark Poynter II pleaded guilty to one count of knowingly attempting to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years to engage in sexual activity using a means and facility of interstate commerce in violation of 18 U.S.C. § 2422(b). (Doc. No. 5-2 at 5-6.) The court entered judgment on August 15, 2018, and sentenced Mr. Poynter to 150 months' imprisonment to be followed by a lifetime term of

supervised release.[1] (Doc. No. 5-3.) Mr. Poynter did not appeal his conviction or sentence. Mr. Poynter is currently serving his sentence in the Bureau of Prisons' ("BOP") Forrest City Correctional Institution, and his projected release date is February 21, 2027. (Doc. No. 5-1 at 1, 6-8.)

Mr. Poynter filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 *pro se* and argues the BOP is not properly applying his First Step Act ("FSA") earned time credits toward prerelease custody. (Doc. No. 1 at 3.) He alleges he should have been placed in prerelease custody on February 21, 2025, and requests that this Court order the BOP to immediately place him in prerelease custody. (*Id.* at 2-3.) Respondent C. Humphrey, Complex Warden of the Forrest City Correctional Institution, argues dismissal of Mr. Poynter's Petition is appropriate because this Court lacks jurisdiction, or alternatively, because Mr. Poynter failed to exhaust his administrative remedies. (Doc. No. 5.) Mr. Poynter has filed objections to the Response (Doc. No. 9), and this matter is ripe for decision. After careful consideration, I recommend Mr. Poynter's Petition (Doc. No. 1) be dismissed.

## II.   ANALYSIS

### A.   Lack of Jurisdiction

The First Step Act, enacted into law in December 2018, features a system by which eligible prisoners may earn time credits through successful completion of evidence-based recidivism reduction ("EBRR") programming or productive activities ("PAs"). *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Mr. Poynter cites 18 U.S.C. § 3632(d)(4)(C) in support of his argument that application of his FSA earned time credits should result in immediate placement

---

[1] Two Amended Judgments were entered on April 10, 2019, and May 1, 2019, the former modifying the restitution order of the original judgment and the latter correcting a clerical mistake. (Doc. Nos. 5-4 and 5-5.)

in prerelease custody. (Doc. No. 1 at 2.) The statute compels the BOP apply credits toward a prisoner's time in prerelease custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(C).

Should a prisoner's sentence include a term of supervised release, the BOP "may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits" the prisoner has earned. 18 U.S.C. § 3624(g)(3). Application of these credits has the effect of shortening a prisoner's sentence. Any remaining FSA earned time credits may then be applied toward the date a prisoner becomes eligible for prerelease custody placement. *See* 18 U.S.C. § 3632(d)(4)(C). Prerelease custody may include placement in home confinement or a residential reentry center ("RRC"). 18 U.S.C. § 3624(g)(2)(A)-(B). FSA earned time credits cannot be applied until the credits are "equal to the remainder of the prisoner's imposed term of imprisonment." *Id*. § 3624(g)(1)(A).

Respondent argues this Court lacks jurisdiction and should dismiss Mr. Poynter's Petition. (Doc. No. 5 at 2-4.) For this Court to have jurisdiction, Mr. Poynter must challenge the "fact or duration of his physical confinement . . . the heart of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Kruger v. Erickson*, 77 F.3d 1071 (8th Cir. 1996) (per curiam) (citing *Preiser*, 411 U.S. at 484). Where a petitioner does not challenge his conviction or seek earlier release from prison, "a habeas petition is not the proper claim to remedy his alleged injury." *See Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014). "It is the substance of the relief sought which counts. Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his . . . custody, the district court lacks the power or subject matter jurisdiction to issue a writ." *Kruger*, 77 F.3d at 1073 (8th Cir. 1996).

3

Importantly, Mr. Poynter does not allege the BOP has failed to apply his FSA earned time credits toward supervised release. In fact, the BOP is applying 365 days of Mr. Poynter's FSA earned time credits, the maximum amount that can be applied under 18 U.S.C. § 3624(g)(3), toward his transfer to supervised release, effectively shortening his term of imprisonment. (Doc. No. 5-1 at 7-8.) As a result, Mr. Poynter' projected release date has been accelerated from his statutory release date of February 21, 2028, to February 21, 2027. (*Id.*) Thus, whatever other credits Mr. Poynter has earned or will earn will be applied to his placement in prerelease custody and will not affect his release date.

Mr. Poynter's Petition does not challenge the fact or duration of his imprisonment, but instead seeks immediate placement in prerelease custody. (Doc. No. 1 at 3.) Both RRC and home confinement, each a form of prerelease custody, are places of imprisonment. *See Miller v. Whitehead*, 527 F.3d 752, 755 n.3 (8th Cir. 2008) (explaining the BOP previously agreed RRC is a place of imprisonment); *see also United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (describing home confinement as a place of imprisonment). Therefore, Mr. Poynter presents a challenge to the place he is to serve a portion of his term of imprisonment.

Title 18 U.S.C. 3621(b) "provides the BOP with broad discretion to choose the location of an inmate's imprisonment, so long as the factors enumerated in the statute are considered." *Fegans v. United States*, 506 F.3d 1101, 1103 (8th Cir. 2007) (citation modified). The statute also prevents this Court from reviewing the BOP's designation of Mr. Poynter's place of imprisonment. *See* 18 U.S.C. § 3621(b). Accordingly, Mr. Poynter's requested relief is not cognizable in habeas, this

4

court lacks the authority to order his placement in prerelease custody, and in turn, this Court lacks jurisdiction over his Petition.[2]

### B. Lack of Potentially Viable Conditions-of-Confinement Claim

Pursuant to the guidance of the United States Court of Appeals for the Eighth Circuit, a *pro se* habeas petitioner should be afforded the opportunity to advance a "potentially viable" conditions-of-confinement claim should he so choose. *Spencer*, 774 F.3d at 471. A district court may, *sua sponte*, convert a habeas petition into a *Bivens* or 42 U.S.C. § 1983 claim, but must consider the "potential detriment" to the petitioner before doing so. *Id*.

At the heart of Mr. Poynter's Petition is a challenge to the place of his confinement, which liberally construed, can be understood to be a conditions-of-confinement claim. As previously discussed, prerelease custody is still a form of imprisonment. The BOP has the authority to designate a prisoner's place of imprisonment, and designation is not reviewable by any Court. *See* 18 U.S.C. § 3621(b). Additionally, the law is clear that a prisoner has no constitutional right to be placed in any particular correctional facility, even though the degree of confinement in one facility may be quite different from that in another. *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Meachum v. Fano,* 427 U.S. 215, 224-25, 228 (1976). Therefore, I find no constitutional violation, and to the extent Mr. Poynter challenges the conditions of his confinement, his claim does not chin the "potentially viable" bar. Furthermore, if Mr. Poynter's Petition was converted to a civil complaint, he would have to pay in full the mandatory and potentially costly filing fee of $350.00

---

[2] Even if this Court had jurisdiction over Mr. Poynter's Petition, the Declaration of Sharian Brown (Doc No. 5-1 at 1-4) and Administrative Remedy Generalized Retrieval (Doc. No. 5-1 at 10-11) make clear Mr. Poynter did not exhaust his administrative remedies. Exhaustion is a prerequisite in this instance, and it is not until after a prisoner presents his claim to the BOP, and proceeds through the entire Administrative Remedy Program properly, that he may institute a habeas action to contest an unfavorable decision. *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009). No exception to the exhaustion requirement is applicable to Mr. Poynter's case.

required under 28 U.S.C. § 1915(b), and his complaint would almost certainly be dismissed after the screening process pursuant to 28 U.S.C. § 1915A. Accordingly, Mr. Poynter should not be afforded the opportunity to convert his Petition into a civil complaint, and his Petition should be dismissed.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.  Mr. Poynter's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice for lack of jurisdiction and this case be closed.

2.  Mr. Poynter's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED and this Court should not afford him the opportunity to convert his Petition into a civil complaint raising a conditions-of-confinement claim.

Dated this 14th day of July 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE